UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROBERT CARLISLE,

                     Plaintiff,                       20-cv-8793 (PKC)

   -against-                             OPINION AND ORDER

THE BOARD OF TRUSTEES OF THE
AMERICAN FEDERATION OF THE NEW
YORK STATE TEAMSTERS CONFERENCE
PENSION AND RETIREMENT FUND, et al.,

                     Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Robert Carlisle is a participant in the New York State Teamsters Conference Pension and Retirement Fund (the "Plan"). He alleges that defendants breached their fiduciary duties under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq. ("ERISA"), by investing in risky assets with the goal of attaining an unrealistically high rate of return. The defendants include the Plan's board of trustees, the natural persons who sit on that board, the Plan's investment consultant and its actuary.

        In 2014, as a condition for participation in the Plan, an agreement was executed between the Plan, Carlisle's then-employer and his labor union that included a forum-selection clause requiring any participant asserting a federal claim against the Plan to commence the action in the Northern District of New York. A 2019 document that summarized the rights and obligations of the Plan's participants included notice that participants are required to bring any federal claim in the Northern District of New York.

Defendants urge that the forum-selection clause is mandatory and move to transfer of venue pursuant to 28 U.S.C. § 1404(a). Because Carlisle's claims fall within the mandatory forum-selection clause and Carlisle received clear notice of the forum-selection requirement, the motion will be granted, and this action will be transferred to the Northern District of New York.

BACKGROUND.

Broadly summarized, the Complaint alleges that defendants imprudently invested in volatile, high-risk assets in an attempt to obtain unrealistically large returns, resulting in cuts to the benefits paid to Carlisle and other participants. (Compl't ¶¶ 47-108, 116.) Carlisle alleges that he has been a Plan participant since before 2014. (Compl't ¶ 18.) The Complaint alleges that, beginning in 2014, the Plan's board of trustees and the individuals who sat on that board (collectively, the "Plan Defendants") violated section 404(a)(1)(A)-(D) of ERISA, 29 U.S.C. § 1104(a)(1)(A)-(D), by breaching the fiduciary duties owed to participants. (Compl't ¶¶ 10, 128-33.) The Complaint brings the same claim against the Plan's investment consultant, Meketa Investment Group, Inc. ("Meketa"), and its actuary, Horizon Actuarial Services LLC. (Compl't ¶¶ 134-44.) A separate claim asserts that all defendants violated section 405(a) of ERISA, 29 U.S.C. § 1105(a), by concealing the existence of a breach of fiduciary duty, enabling such a breach, or failing to remedy a known breach. (Compl't ¶¶ 145-51.) The Complaint asserts that venue is proper in this District because the Plan and Meketa can both be found in this District. (Compl't ¶ 16.)

The Plan Defendants urge that this action should be transferred to the Northern District of New York based on forum-selection provisions in two Plan-related documents. First, an agreement captioned "The New York State Teamsters Conference Pension and Retirement

Fund Participation Agreement" (the "Participation Agreement") includes a forum-selection clause. The Participation Agreement was executed on behalf of the Plan, the United Parcel Service ("UPS") and Teamsters Local Union 687 of Potsdam, New York in 2014. (Stilwell Dec. ¶ 13 & Ex B; Stilwell Supp. Dec. ¶¶ 2-3.) Carlisle does not dispute that he was employed by UPS and was represented by Teamsters Local Union 687. (Stilwell Dec. ¶ 13; Stilwell Supp. Dec. ¶¶ 2-3.) The Participation Agreement was executed as a requirement of the collective bargaining agreement between UPS and Teamsters Local, in which the two entities agreed to "execute a stipulation submitted by the Pension Trustees setting forth the provisions relating to the Pension Fund . . . ." (Stilwell Supp. Dec. ¶ 3 & Ex. F at 214.) The Participation Agreement states that "[t]he Employer [i.e., UPS], its participating employees, and the Union, as a condition of participation in this Fund, are bound by this Participation Agreement and all of the rules and regulations of the Fund now and/or hereafter adopted." (Stilwell Dec. Ex. B at ¶ 1(a).) At paragraph 10, the Participation Agreement has a forum-selection clause that applies to "[a]ll actions and proceedings commenced or initiated by any . . . employee [or] participant . . . against the Fund [or] the Trustees thereof . . . . In regard to federal district court actions, all such actions shall be commenced and heard in the United States District Court for the Northern District of New York. It is specifically agreed that any action or proceeding commenced or initiated in any other jurisdiction or venue shall be transferred to the appropriate court or tribunal specified herein." (Id.)

The forum-selection requirement is described in the "Summary Plan Description of the New York State Teamsters Conference Pension and Retirement Fund" dated January 2019 (the "SPD"). (Stilwell Dec. Ex. A.) The SPD was mailed to Plan participants in October 2019 and is posted publicly online. (Stilwell Dec. ¶ 12.) The SPD is addressed, "Dear Participant,"

and its opening paragraph reads: "We are pleased to provide you with this updated Summary Plan Description ('SPD') describing the benefits available to you under the [Plan]. We urge you to read this SPD carefully so that you will understand the Plan." (Stilwell Dec. Ex. A.) At page 96, the SPD explained that participants are afforded rights and protections under ERISA and that fiduciaries are bound by a duty of prudence. (Id.) It then stated:

> If it should happen that Plan fiduciaries misuse the Plan's money . . . you may seek assistance from the United States Department of Labor, or you may file suit in a Federal court. . . .
>
> All such suits must be commenced in and heard in the United States District Court for the Northern District of New York. Any suit commenced or initiated in any other venue must be transferred to the United States District Court for the Northern District of New York.

(Id. at 97.)

Carlisle filed his Complaint on October 21, 2020. (Docket # 1.) The Plan Defendants urge that this action should be transferred to the Northern District of New York based on the forum-selection clause of the Participation Agreement and the summary text of the SPD.

TRANSFER UNDER 28 U.S.C. § 1404(a) AND THE ENFORCEMENT OF FORUM SELECTION CLAUSES.

"'[F]orum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances . . . .'" Magi XXI, Inc. v. Stato della Citta del Vaticano, 714 F.3d 714, 720-21 (2d Cir. 2013) (quoting TradeComet.com LLC v. Google, Inc., 647 F.3d 472, 475 (2d Cir. 2011)). "Although a forum-selection clause does not render venue in a court 'wrong' or 'improper' . . . the clause may be enforced through a motion to transfer under § 1404(a)." Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 59 (2013). Section 1404(a) of title 28 states that "[f]or the

convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Atl. Marine, 571 U.S. at 62.

A four-step analysis guides the enforcement of a forum-selection clause. "The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement." Phillips v. Audio Active Ltd., 494 F.3d 378, 383 (2d Cir. 2007). "The second step requires us to classify the clause as mandatory or permissive, i.e., to decide whether the parties are required to bring any dispute to the designated forum or simply permitted to do so." Id. "Part three asks whether the claims and parties involved in the suit are subject to the forum selection clause." Id. "If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable." Id. In the fourth step, the resisting party may rebut the presumption of enforceability "by making a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" Id. at 383-84 (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)).

Public policy favors the enforcement of a forum-selection clause. "Forum selection clauses have the 'salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions.'" Magi XXI, 714 F.3d at 722 (quoting Carnival

Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-94 (1991)).  A forum-selection clause binds affiliates of the signatories, and, "[i]n general, 'the fact a party is a non-signatory to an agreement is insufficient, standing alone, to preclude enforcement of a forum selection clause.'" Id. (quoting Aguas Lenders Recovery Grp., LLC v. Suez, S.A., 585 F.3d 696, 701 (2d Cir. 2009)).

DISCUSSION

      A. The SPD Reasonably Communicated the Terms of the Participation Agreement's Forum-Selection Clause.

The Court first considers whether the forum-selection clause was reasonably communicated to Carlisle.  See Phillips, 494 F.3d at 383.  A forum-selection clause is reasonably communicated where it appears in clear and unambiguous language.  See, e.g., Effron v. Sun Line Cruises, Inc., 67 F.3d 7, 9 (2d Cir. 1995) (text in the fine print of a passenger ticket reasonably communicated the forum-selection clause).

      Here, the SPD states that a Plan participant asserting breach of fiduciary duty under ERISA must commence suit in the Northern District of New York, and that such a proceeding commenced elsewhere is subject to transfer.  (Stilwell Dec. Ex. A at 97.)  The SPD does not identify which agreement contains the forum-selection clause.  As Carlisle points out, the Plan's 124-page governing document does not contain a forum-selection clause that would apply to his claim, and its only forum-selection clause relates to proceedings for an employer's withdrawal liability.  (Plan App'x C § J.)  However, the SPD's summary is consistent with the Participation Agreement's forum-selection clause.  The Participation Agreement between UPS, the Plan and Teamsters Local Union 687 states that the agreement is "the basis for participation" in the Plan and that its terms are "a condition of participation" by employees.  (Participation Agrm't ¶ 1(a).)  The Plan document, in turn, defines "Participation Agreement" as "the current

standard agreement" between a contributing employer and the Plan.  (Plan Doc. § 2.42.)  In defining an "Employee," the Plan document incorporates only those employees whose employers make contributions pursuant to a Participation Agreement or collective bargaining agreement.  (Plan Doc. § 2.17.)  The introductory text of the SPD advises beneficiaries that the Plan trustees "have the discretionary authority . . . to construe and interpret the terms of the Plan."  (SPD at 1.)

In summarizing employees' rights and obligations under the Plan document, it was appropriate for the SPD to include notice of the forum-selection clause contained in the Participation Agreement.  The SPD accurately explained the Participation Agreement's requirement that a participant must commence any federal action in the Northern District of New York.  Further, Carlisle's counsel requested a copy of the SPD prior to bringing this action, and the Plan directed counsel to a website where the SPD could be accessed.  (Stilwell Dec. Exs. C, D.)  Carlisle therefore had actual or constructive notice of the forum-selection clause prior to the filing of his complaint.

The Court therefore concludes that Carlisle had notice of the forum-selection clause.  This factor weighs in favor of the clause's enforcement and the transfer motion.

B.  The Forum-Selection Clause Is Mandatory.

"The second step requires [courts] to classify the clause as mandatory or permissive, i.e., to decide whether the parties are required to bring any dispute to the designated forum or simply permitted to do so."  Phillips, 494 F.3d at 383.  Use of a term like "shall" will typically render a forum-selection clause mandatory.  See, e.g., LVAR, L.P. v. Bermuda Com. Bank Ltd., 649 Fed. App'x 25, 27 (2d Cir. 2016) (summary order).

The Participation Agreement provides that "[i]n regard to federal district court actions, all such actions shall be commenced and heard in the United States District Court for the

Northern District of New York." (Participation Agrm't ¶ 10.)  The use of the word "shall" in this context makes the forum-selection clause mandatory and not permissive.  This factor weighs in favor of the clause's enforcement and the transfer motion.

        C.  <u>The Parties and Claims Are Subject to the Forum-Selection Clause.</u>

"Part three asks whether the claims and parties involved in the suit are subject to the forum selection clause."  <u>Phillips</u>, 494 F.3d at 383.  The Participation Agreement provides that "all" federal actions commenced by "any" participant against the Plan or its trustees "shall" be commenced in the Northern District of New York.  (Participation Agrm't ¶ 10.)  The claims in this action fall within the broad language of the forum-selection clause.  The SPD provided Carlisle with notice that federal claims must be brought in the Northern District of New York, and specified that the requirement applies to claims asserting breach of fiduciary duty under ERISA.  This factor weighs in favor of the clause's enforcement and the transfer motion.

        D.  <u>Carlisle Has Not Rebutted the Presumption of Enforceability.</u>

As noted, a forum-selection clause is presumptively enforceable if it is communicated to the resisting party, is mandatory and covers the claims in dispute.  <u>Phillips</u>, 494 F.3d at 383.  Defendants have satisfied these factors and therefore the presumption of enforceability attaches.  However, the presumption may be rebutted if the resisting party "mak[es] a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'"  <u>Id.</u> at 383-84.

Carlisle urges that enforcement would be unreasonable or unjust because he was not a direct party to the Participation Agreement and the text of that agreement was not provided to him.  As discussed, the Participation Agreement was entered by the Plan, Carlisle's employer and his labor union, Teamsters Local 687.  (Stilwell Dec. ¶ 13; Stilwell Supp. Dec. ¶ 2.)  "In

general, 'the fact a party is a non-signatory to an agreement is insufficient, standing alone, to preclude enforcement of a forum selection clause.'" Magi XXI, 714 F.3d at 722 (quoting Aguas, 585 F.3d at 701). "In determining when a non-signatory is bound, courts in this Circuit look at whether the non-signatory is so closely related to the dispute that it becomes foreseeable that it will be bound by the forum selection clause." Prospect Funding Holdings, LLC v. Vinson, 256 F. Supp. 3d 318, 324-25 (S.D.N.Y. 2017) (Ramos, J.) (collecting cases; quotation marks and alterations omitted). Here, it was foreseeable that Carlisle would be bound by the Participation Agreement's forum-selection clause. The Participation Agreement provided that "participating employees . . . as a condition of participation in this Fund, are bound by this Participation Agreement . . . ." (Participation Agrm't ¶ 1(a).) It provided that "[a]ll actions and proceedings" commenced by an "employee" or "participant" against the Plan or its trustees in a federal district court "shall be commenced and heard" in the Northern District of New York. (Participation Agrm't ¶ 10.) The forum-selection clause of the Participation Agreement was accurately summarized in the SPD. Carlisle does not urge that he was not bound by the actions of Teamsters Local 687, and the Participation Agreement is a condition for Carlisle's participation in the Plan. It was therefore foreseeable that the Participation Agreement binds him as a non-signatory and Carlisle has not demonstrated that its enforcement against him is not unfair or unjust.

Carlisle also points out that the SPD advises that is a summary of the underlying Plan document written in plain English, and that "[t]he plan document, and the Trustees' interpretation of its rules and regulations, will always govern if there are inconsistencies between the SPD and the plan document." (Docket # 42-1.) He urges that the SPD is inconsistent with the Plan document because it describes a forum limitation not set forth in the Plan's text. As

discussed, the SPD accurately describes a broad forum-selection clause of the Participation Agreement, and that summary is not in conflict with the text of the Plan document.  Carlisle has not demonstrated that enforcement of the Participation Agreement's forum-selection clause, as summarized in the SPD, would be unfair or unjust.

Carlisle also urges that enforcement of the forum-selection clause would be unreasonable and unjust because the Trustees apply its terms selectively as a vehicle for forum shopping.  He points out that the defendant trustees brought an action on behalf of the Plan in the District of Columbia, and that when the defendant moved to transfer that action to the Northern District of New York, the trustees argued that the forum-selection clause was not binding on a non-signatory.  See New York State Teamsters Conference Pension and Retirement Fund v. C&S Wholesale Grocers, Inc., 20 Civ. 2434 (D.D.C. 2020).  The Complaint in that proceeding seeks to reverse, modify or vacate an arbitrator's award on an employer's withdrawal liability, following arbitration proceedings that occurred in Washington, D.C.  In opposing the defendant's transfer motion in that case, the trustees have urged that the parties agreed to arbitrate their dispute in Washington, D.C. and that a proceeding to vacate or modify the award is most appropriately brought in the District where the arbitration occurred.[1]  (See id. Docket # 17.)  The parties, procedural history and relief sought in the C&S Wholesale case are distinct from this case, and Carlisle has not demonstrated that enforcement of the forum-selection clause here would be unreasonable or unjust.  See, e.g., EMR (USA) Holdings, Inc. v. Goldberg, 2019 WL 5537878, at *8 (S.D.N.Y. Oct. 25, 2019) (a party that disregards a forum-selection clause waives the clause's enforcement only as to the specific claim pursued) (Ramos, J.); Pirolo Bros.

---

[1] As of the date of this Opinion and Order, the transfer motion in C&S Wholesale is sub judice.  To be clear, this Court has no view and expresses no view on the merits of that motion.

v. Angelo Maffei & Figli, SAS, 1989 WL 20945, at *2 (S.D.N.Y. Mar. 2, 1989) (same) (Mukasey, J.).

Carlisle has not rebutted the forum-selection clause's presumption of enforceability. For the foregoing reasons, the Court concludes that the forum-selection clause of the Participation Agreement applies to Carlisle's claims, and the motion for transfer will be granted.[2]

CONCLUSION.

The transfer motion is GRANTED. The Clerk is directed to terminate the motion and the related letter-motion. (Docket # 40, 43.) The Clerk shall transfer the action and close the file in this District.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
April 16, 2021

---

[2] Because the mandatory forum-selection clause requires transfer, the Court need not reach defendants' argument that transfer is also warranted through an independent application of section 1404(a) using the multi-factor test summarized in D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006).

- 11 -