IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT CARLISLE, individually and as a representative of a class of similarly situated persons, on behalf of the NEW YORK STATE TEAMSTERS CONFERENCE PENSION AND RETIREMENT FUND,<br><br>Plaintiff,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE AMERICAN FEDERATION OF THE NEW YORK STATE TEAMSTERS CONFERENCE PENSION AND RETIREMENT FUND; JOHN BULGARO; BRIAN K. HAMMOND; PAUL A. MARKWITZ; GEORGE F. HARRIGAN; MARK D. MAY; MICHAEL S. SCALZO, SR.; ROBERT SCHAEFFER; MARK GLADFELTER; SAMUEL D. PILGER; DANIEL W. SCHMIDT; TOM J. VENTURA; MEKETA INVESTMENT GROUP, INC.; and HORIZON ACTUARIAL SERVICES, LLC,<br><br>Defendants. | Case No. 8:21-cv-00455 (BKS-DJS) |

**PLAINTIFF'S MEMORANDUM OF LAW IN FURTHER OPPOSITION
TO FUND DEFENDANTS' MOTION TO STAY**

On August 11, 2021, the NY Teamsters Fund Trustees sent a letter to the Deputy General Counsel of the Pension Benefit Guaranty Corporation with the Trustees' comments on the PBGC's Interim Final Rule ("IFR") Related to Special Financial Assistance ("SFA") under ARPA, attached hereto as Exhibit 1. That letter contradicts and undermines the Trustees' argument that any SFA received by the Fund pursuant to ARPA will eliminate all damages and constitutional standing, and supports Plaintiff's argument that the timing, likelihood and amount of any SFA that the Fund may receive is subject to many contingencies and uncertainties.

First, the Trustees admit that, given the current restrictions in the IFR, any SFA received would "come at the expense of the financial stability and long-term financial health of the [F]und." *Id*. at 2. These competing interests make it unclear if the Trustees will submit an application for SFA, or can do so without breaching their fiduciary duties, since they will "be

placed in exceedingly difficult position" where they must "choose between taking SFA and implementing near-term benefit restorations or declining SFA to better preserve [the] [F]und's long-term financial health." *Id*. at 3.

Second, the Trustees admit that, at best, the Fund "anticipates being eligible for an SFA amount that is less than the present value of benefits it would be required to restore by accepting relief." *Id*. at 2.

Third, the Trustees admit that, absent any future changes by the PBGC, there will be no repayment of prior MPRA benefit cuts for surviving spouses or other dependents of Plan participants. *Id*. at 3.

These admissions underscore why the Court should deny the Trustees' Motion to Stay and reject their related arguments regarding constitutional standing and redressability. Plaintiff and every other Plan participant has suffered personal injury due to the MPRA benefit suspensions; none will receive full compensation of their injury under the best of circumstances (i.e., the PBGC accedes to all or the changes requested by the Trustees).  And, regardless of any SFA received, Plaintiff and every other Plan participant face a substantial likelihood of future reductions of their vested pension benefits due to the damage to the Plan caused by the Trustees' imprudent and failed investment allocation gamble which left the Plan in its current precariously, unrefunded state.

Dated: September 16, 2021                              Respectfully Submitted,

_____

Steven A. Schwartz (*pro hac vice*)
**CHIMICLES SCHWARTZ KRINER**
**& DONALDSON-SMITH LLP**
361 West Lancaster Avenue
Haverford, PA 19041
Tel.: 610-642-8500
Fax: 610-649-3633
steveschwartz@chimicles.com


*and*

Robert J. Kriner, Jr. (*pro hac vice*)
Emily L. Skaug (*pro hac vice*)
**CHIMICLES SCHWARTZ KRINER**
**& DONALDSON-SMITH LLP**
2711 Centerville Road, Suite 201
Wilmington, DE 19808

*Counsel for Plaintiff and the Class*