**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ROBERT CARLISLE, individually and as a
representative of a class of similarly situated persons,
on behalf of the NEW YORK STATE TEAMSTERS            8:21-cv-00455 (BKS/DJS)
CONFERENCE PENSION AND RETIREMENT
FUND,

                           Plaintiff,

v.

THE BOARD OF TRUSTEES OF THE AMERICAN
FEDERATION OF THE NEW YORK STATE
TEAMSTERS CONFERENCE PENSION AND
RETIREMENT FUND; JOHN BULGARO; BRIAN
K. HAMMOND; PAUL A. MARKWITZ; GEORGE
F. HARRIGAN; MARK D. MAY; MICHAEL S.
SCALZO, SR.; ROBERT SCHAEFFER; MARK
GLADFELTER; SAMUEL D. PILGER; DANIEL W.
SCHMIDT; TOM J. VENTURA; MEKETA
INVESTMENT GROUP, INC.; and HORIZON
ACTUARIAL SERVICES, LLC,

                           Defendants.

---

**Appearances:**

*For Plaintiff:*
Steven A. Schwartz
Chimicles Schwartz Kriner & Donaldson-Smith LLP
361 West Lancaster Avenue
Haverford, Pennsylvania 19041

Robert J. Kriner, Jr.
Chimicles Schwartz Kriner & Donaldson-Smith LLP
2711 Centerville Road, Suite 201
Wilmington, Delaware 19808

Leslie A. Blau
Blau & Malmfeldt
566 West Adams Street, Suite 600
Chicago, Illinois 60661

*For Defendants: The Board of Trustees of the American Federation of the New York State Teamsters Conference Pension and Retirement Fund; John Bulgaro; Brian K. Hammond; Paul A. Markwitz; George F. Harrigan; Mark D. May; Michael S. Scalzo, Sr.; Robert Schaeffer; Mark Gladfelter; Samuel D. Pilger; Daniel W. Schmidt; and Tom J. Ventura:*
Brian T. Ortelere
Sara E. DeStefano
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178

*For Defendant Meketa Investment Group, Inc.:*
Diana K. Lloyd
Samuel N. Rudman
Preston F. Bruno
Choate, Hall & Stewart
Two International Place
Boston, Massachusetts 02110

Eric G. Serron
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036

*For Defendant Horizon Actuarial Services, LLC:*
Edward J. Meehan
Stephen M. Saxon
Samuel I. Levin
Kalena R. Kettering
Groom Law Group, Chartered
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**BRIEFING ORDER**

Plaintiff Robert Carlisle, brings this proposed class action individually and as a representative of a class of similarly situated persons, on behalf of the New York State Teamsters Conference Pension and Retirement Fund, under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., alleging (1) breach of fiduciary duty in violation of ERISA §§ 404(a)(1)(A)–(D), 29 U.S.C. §§ 1104(a)(1)(A)–(D); and (2) breach of the fiduciary duty of prudence, in violation of ERISA §§ 405(a)(1) and (2), 29 U.S.C. §§ 1105(a)(1) and (2). (*See generally* Dkt. No. 1).[1] In a letter dated November 23, 2022, the Fund Defendants notified the Court that the New York State Teamsters Conference Pension and Retirement Fund's ("the Fund") application for Special Financial Assistance ("SFA") was approved by the Pension Benefit Guaranty Corporation ("PBGC") pursuant to the American Rescue Plan Act on November 18, 2022. (Dkt. No. 176, at 1). The Fund Defendants state in their letter that the PBGC has informed them that the Fund "will receive a payment of more than $900 million on December 8, 2022," enabling the Fund to "restore benefits—prospectively and retroactively—for participants, including Plaintiff, for whom the Fund previously reduced benefits under the Multiemployer Plan Reform Act ('MPRA')." (*Id.*). The Fund Defendants argue that once the retroactive benefit restoration is complete, Plaintiff will no longer have a concrete stake in this action, rendering this action moot, and creating an impediment to any Article III standing. (*Id.* at 2). The Fund Defendants request a briefing schedule to submit a "supplemental motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and address the newly arisen, additional reasons why Plaintiff lacks Article III standing." (*Id.*). The Fund Defendants anticipate

---

[1] Plaintiff seeks to represent the following class: "All participants and beneficiaries of the New York State Teamsters Conference Pension and Retirement Fund through the date of judgment." (Dkt. No. 1, ¶ 118).

also discussing "Plaintiff's arguments regarding the collateral source rule and interest on reduced benefits" in their supplemental motion. (*Id.*).

In a letter dated November 28, 2023, Plaintiff responded that he would not oppose supplemental briefing to the extent the Court believes it would be helpful, but proposed limiting the issues as follows:

> Briefing should be limited to two issues: (1) Plaintiff's argument that he and all other Plan participants have Article III standing regardless of the government's forthcoming provision of Special Financial Assistance based on the collateral source rule, and (2) Plaintiff's argument that, in any event, Plaintiff and all other Plan participants have Article III standing because they will at most receive payments equal to the amount of the reduction in their vested pension benefit payments from 2017 through March 2023 without any payment for interest or lost investment returns.

(Dkt. No. 177, at 2). In addition, Plaintiff submits that, in order to enable "a precise calculation of the interest damages suffered by Plaintiff and other Plan participants," "the Trustee Defendants should produce a spreadsheet that sets forth, on a monthly basis, the aggregate amount of vested pension benefits that were not paid from the date in 2017 when the Trustee Defendants first cut Plan participants' vested pension benefits through March 1, 2023." (*Id.*). Finally, in his letter, Plaintiff renews his request for "limited discovery . . . to include the production by the Defendants of applicable insurance policies and any documents that Defendant produced to the United States Department of Labor pursuant to an investigation initiated by the DOL regarding issues and claims common to those asserted in Plaintiff's Complaint." (*Id.*).

While any supplemental motion to dismiss should address the issues Plaintiff outlined above, the Court declines to limit the briefing to those issues. The Court also declines to order the discovery Plaintiff seeks at this juncture. However, a spreadsheet or detailed information regarding the payment to the Plan and the amount of benefits repaid with reference to the

applicable time period may be helpful to the Court in considering the additional briefing. *See Krajisnik Soccer Club, Inc. v. Krajisnik Football Club, Inc.*, No. 20-cv-1140, 2021 WL 2142924, at *2, 2021 U.S. Dist. LEXIS 99456, at *5 (N.D.N.Y. May 26, 2021) (explaining that in deciding Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court may "refer to evidence outside the pleadings" and "take judicial notice of documents in the public record, including state court filings") (citations omitted).

Therefore, Defendants' request for supplemental motion practice is granted and the parties are directed to address the issues outlined in their letter briefs.[2] In addition, while the issue of Article III standing remains before the Court, (*see* Dkt. No. 124-1, at 16–20; Dkt. No. 140, at 21–38), and the Court will address it in due course, because "the standing doctrine evaluates a litigant's personal stake at the onset of a case," and the PBGC's November 18, 2022, approval of the Fund's application for SFA arose well after the onset of this case, the parties must also address whether the $900 million payment implicates mootness, not standing, and frame their analysis accordingly. *See Connecticut Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 444 (2d Cir. 2021) ("While standing doctrine focuses 'on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed,' 'mootness doctrine ensures that [a] litigant's interest in the outcome continues to exist throughout the life of the lawsuit.") (internal citation omitted) (first quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008); and then quoting *Cook v. Colgate Univ.*, 992 F.2d 17, 19 (2d Cir. 1993)).

For these reasons, it is hereby

---

[2] Plaintiff's request to limit briefs to ten pages and for an order prohibiting Defendants from filing a reply is denied. Unless otherwise specified, the parties shall file their briefs in accordance with Local Rule 7.1.

**ORDERED** that the Fund Defendants' letter brief (Dkt. No. 176) is **GRANTED**; and Plaintiff's letter brief (Dkt. No. 177) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that the parties shall file briefs in accordance with this Briefing Order as follows:

- The Fund Defendants shall file a supplemental motion to dismiss by January 27, 2023.

- Plaintiff shall file a response by February 27, 2023.

- The Fund Defendants shall file a reply by March 20, 2023.

**IT IS SO ORDERED.**

Dated: <u>November 30, 2022</u>
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge